IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| EMMANUEL SUAREZ, | ) |
| | ) |
|     Petitioner, | ) |
| v. | )    Civil Action No. 1:20-00422 |
| | ) |
| C. MARUKA, Warden, | ) |
| | ) |
|     Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Petition, the undersigned finds and respectfully recommends that Petitioner's Petition should be dismissed.

**FACT AND PROCEDURE**

A.   **Criminal Action No. 4:15-cr-00099:**

On August 10, 2016, Petitioner pled guilty in the United States District Court for the Eastern District of Missouri to one count of Distribution of Heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Three), one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Six), and Being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Eight). United States v. Suarez, Case No. 4:15-cr-00099 (E.D.Mo. Oct. 26, 2015), Document Nos. 57 and 58. On December 15, 2016, the District Court sentenced Petitioner to a total term of 120-months of imprisonment, which consisted of a term of 60 months on Counts Three and Eight to run

concurrently and a term of 60 months on Count Six to be served consecutively to Counts Three and Eight. Id., Document No. 77. The District Court further imposed a three-year term of supervised release and a $300 special assessment. Id.

On November 2, 2015, Petitioner filed his Notice of Appeal. Id., Document Nos. 80 and 83. Petitioner's counsel filed an *Anders* brief asserting there were no meritorious issues to appeal and questioning whether Petitioner's plea was knowing and voluntary. Id., Document No. 114. By *per curiam* Opinion entered on June 20, 2016, the Eighth Circuit affirmed Petitioner's conviction and sentence. Id.; United States v. Suarez, 652 Fed.Appx. 492 (8th Cir. 2016).

**B.      Section 2255 Motion:**

On May 23, 2017, Petitioner filed in the Eastern District of Missouri a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Suarez v. United States, Case No. 4:17-cv-01566 (E.D.Mo. Dec. 29, 2017), Document No. 1. As grounds for relief, Petitioner asserted that trial counsel was ineffective based on the following: (1) Misadvising Petitioner "about the time he was facing which impeded his ability to knowingly and voluntarily make a decision to plead guilty;" and (2) Failing to secure Petitioner a minor role reduction under the Sentencing Guidelines. Id. On October 2, 2017, the United States filed its Response. Id., Document No. 6. On November 6, 2017, Petitioner filed a Motion for Relation Back Amendment Pursuant to Rule 15 arguing he was entitled to withdraw his guilty plea and requesting the Court to hold an evidentiary hearing to determine if his attorney was sufficiently ineffective to render the guilty plea involuntary. Id., Document No. 8. By Memorandum and Order entered on December 28, 2017, the District Court granted Petitioner's Motion for Relation Back Amendment Pursuant to Rule 15 and denied Petitioner's Section 2255 Motion. Id., Document Nos. 10 and 11.

**C.      Motion to Modify Sentence:**

On June 20, 2017, Petitioner filed in the Eastern District of Missouri a Motion to Modify Sentencing. Suarez, Case No. 4:15-cr-00099, Document No. 135. On August 17, 2017, the United States filed its Response. Id., Document No. 141. By Order entered on September 18, 2017, the District Court denied Petitioner's Motion to Modify Sentence. Id., Document No. 143.

**D.      Motion for Retroactive Application of Sentencing Guidelines:**

On March 11, 2019, Petitioner filed his Motion for Retroactive Application of Sentencing Guidelines Pursuant to Amendment 782. Id., Document No. 144. On April 2, 2019, the United States filed its Response arguing that Petitioner was not eligible for a sentence reduction because Petitioner was sentenced on October 26, 2015, after Amendment 782 went into effect. Id., Document No. 146. By Order entered on April 16, 2019, the District Court denied Petitioner's forgoing Motion. Id., Document No. 149.

**E.      Motion to Reduce Sentence Pursuant to the First Step Act:**

On December 6, 2019, Petitioner filed a Motion to Reduce Sentence Pursuant to Section 404(b) of the First Step Act. Id., Document No. 172. On April 2, 2020, the United States filed its Response in Opposition arguing that Petitioner was sentenced well after the effective date (August 3, 2010) of the Fair Sentencing Act. Id., Document No. 176. The United States further argued that to the extent Petitioner was attempting to challenge his Section 924(c) conviction based upon United States v. Davis, 139 S.Ct. 2319 (2019), a First Step Motion was an inappropriate vehicle to challenge his conviction and Davis is inapplicable to Petitioner's conviction. Id. By Memorandum Order entered on May 8, 2020, the District Court denied Petitioner's foregoing Motion. Id., Document No. 179.

**F.      Instant Section 2241 Petition:**

3

On June 22, 2020, Petitioner, acting *pro se*, filed his instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] (Civil Action No. 1:20-00422, Document No. 1.) In his Petition, Petitioner challenges the validity of his conviction under 18 U.S.C. 922(g) based upon Rehaif v. United States, 139 S.Ct. 2191 (2019). (Id.) Petitioner explains that in Rehaif, the Supreme Court held that the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. (Id.) Petitioner alleges that prior to him entering a plea of guilty to Count Eight (18 U.S.C. § 922(g) conviction), "at no time was Petitioner informed by the Court, defense counsel, or the Government's counsel of a jury right to findings that he must know he belonged to a category of persons barred from possessing a firearm." (Id.) Petitioner claims that had he known the foregoing, "Petitioner would not have entered a plea of guilty because no such proof existed." (Id.) Petitioner concludes that "[n]o sentence would have been imposed as a result of Count 8 because Petitioner did not know he was a prohibited person." (Id.) Petitioner states that he can meet the requirements of the "savings clause" because the "issue herewith is a new interpretation of a criminal statute" and "not constitutional or newly discovered under Section 2255(h)." (Id.) As relief, Petitioner requests "release from federal custody" because "[n]o sentence should have been imposed as a result of Count 8 because Petitioner did not know he was a prohibited person."[2] (Id.)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Even assuming Petitioner was improperly convicted of Count Eight (Being a Felon in Possession of a Firearm), Petitioner would not be entitled to release from custody because his sentence as to Count Eight was ordered to run concurrently with Count Three. Specifically, the District Court sentenced Petitioner to a total term of 120-months of imprisonment, which consisted of *a term of 60 months on Counts Three and Eight to run concurrently* and a term of 60 months on Count Six to be served consecutively to Counts Three and Eight.

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction as imposed by the Eastern District of Missouri. Specifically, Petitioner alleges that his Section 922(g) conviction is invalid based upon Rehaif. In Rehaif, the United States Supreme Court considered whether under 18 U.S.C. § 922(g), the government must prove that an individual knew both that he engaged in the prohibited conduct of possessing a firearm and had obtained the relevant status which made his possession of the firearm illegal. United States v. Rehaif, ___ U.S. ___, 139 S.Ct. 2191, 2194, 204 L.Ed.2d 594 (2019). Petitioner is clearly challenging the validity of his conviction, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Petition as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of Missouri. While a Section 2255 Motion filed in a Court other than the sentencing Court

should be transferred to the Court which sentenced the petitioner, Petitioner's instant Petition should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Eighth Circuit Court of Appeals.[3]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claim under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden

---

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A).

of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[4] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt

---

[4] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed

that *Jones* is still good law in this circuit." Id. at 427. In evaluating Petitioner's Section 2241 Petition, this Court applies Fourth Circuit procedural law and Eighth Circuit[5] substantive law. Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019)("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted."); Bender v. Carter, 2013 WL 5636745, * 2 (N.D.W.Va. Oct. 15, 2013)(the substantive law of the court of conviction should apply to a Section 2241 Petition, but procedural law of the reviewing court should govern its application), aff'd, 564 Fed.Appx. 694 (4th Cir. 2014).

Based upon the foregoing, the undersigned concludes Petitioner cannot meet all three prongs of the Jones test thereby demonstrating that Section 2255 is inadequate or ineffective such that he can resort to Section 2241. See Mejia v. Maruka, 2023 WL 2667741, * 3 (S.D.W.Va. March 28, 2023)(J. Faber)(finding that the petitioner challenging his conviction based upon *Rehaif* "needs

---

the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not requested a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

[5] Petitioner was convicted in the Eighth Circuit, therefore, the substantive law of the Eighth Circuit controls.

to satisfy the *Jones* test, not *Wheeler*.") In support of his Section 2241 Petition, Petitioner argues that his Section 922(g) conviction should be overturned in light of Rehaif. When Petitioner was convicted, settled Eighth Circuit precedent did not require the government to prove that a defendant knew of his prohibited status at the time of the possession of a firearm. See United States v. Coleman, 961 F.3d 1024, 1027 (8th Cir. 2020). In Rehaif, however, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of person barred from possessing a firearm." Rehaif, ___ U.S. at ___, 139 S.Ct. at 2200. Additionally, Rehaif was a decision of statutory interpretation, not constitutional law. Petitioner, therefore, cannot satisfy the gatekeeping provisions to raise this claim in a second or successive Section 2255 motion.[6] See Jones v. Hendrix, 2020 WL 10669427, *4 (E.D.Ark. Jan. 24, 2020)(parties agreed that *Rehaif* did not provide petitioner with a legal basis for obtaining permission from the Eighth Circuit to file a successive Section 2255 Motion because *Rehaif* clarified the proper statutory construction of Section 922(g) and 924(a) but did not announce a new rule of constitutional law), aff'd, 8 F.4th 683 (8th Cir. 2021)(finding petitioner cannot file a successive § 2255 asserting his *Rehaif* claim), cert. granted, 2022 WL 1528372 (U.S. May 16, 2022)[7]; United States v. McCurry,

---

[6] District courts in the Eighth Circuit have determined that *Rehaif* applies retroactively. *See Harrison v. United States*, 2021 WL 872593, * 5 (E.D.Mo. March 9, 2021); *United States Bugh*, 459 F.Supp.3d 1184, 1189 (D.Minn. May 11, 2020); *Jones v. Hendrix*, 2020 WL 10669427, *4 (E.D.Ark. Jan. 24, 2020)(stating that "[t]he parties agree that, because *Rehaif* narrows 'the class of persons that the law punishes' under §§ 922(g) and 924(a), it is a substantive decision that applies retroactively to cases on initial collateral review."), *aff'd*, 8 F.4th 683 (8th Cir. 2021), *cert. granted*, 2022 WL 1528372 (U.S. May 16, 2022). Additionally, the Fourth Circuit recently determined that *Rehaif* applies retroactively to cases on initial collateral review. *United States v. Waters*, ___ F.4th ___, 2023 WL 2699506 (4th Cir. March 30, 2023).

[7] In *Jones v. Hendrix*, the Eighth Circuit noted the circuit split over the question whether a change in case law, combined with the successive motions bar, makes Section 2255's remedy inadequate or ineffective as to allow a petitioner to seek relief under Section 2241. *Jones v. Hendrix*, 8 F.4th

2020 WL 4816374, * 3 (D.Minn. Aug. 19, 2020)("*Rehaif* is unlikely to provide a basis for successive § 2255 relief because it is a matter of statutory interpretation, not a new rule of constitutional law."). Although Petitioner may be able to satisfy the first and third prongs of the Jones test, Petitioner cannot satisfy the second prong of the Jones test. Specifically, Petitioner does not allege any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction. Petitioner contends that Rehaif is an intervening change of substantive law that renders him actually innocent of his underlying Section 922(g) conviction. (Document No. 1, pp. 7 – 8.) In support, Petitioner states as follows:

> Had Petitioner been informed by the Court, defense counsel, or the government attorney that [the government] must prove of the existence that Petitioner knew he belonged to a class of persons prohibited by § 922(g), Petitioner would not have entered a plea of guilty because no such proof existed.

(Id., p. 8.) In Greer, et al. v. United States, ___ U.S. ___, 141 S.Ct. 2090, 210 L.Ed.2d 121 (2021), the Supreme Court determined that a petitioner who stipulated to his felon status could not establish that the Rehaif error affected his "substantial rights" pursuant to Rule 52(b). Id. at 2096-97. The Supreme Court explained as follows:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." 963 F.3d 420, 423 (CA4 2020)(Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude

---

at 686-87. The Supreme Court granted the petition for certiorari as to whether a federal inmate who, because of establish circuit precedent stood firmly against them, did not challenge their convictions on the ground that the statute of conviction did not criminalize their activity may apply for habeas relief under Section 2241 after the Supreme Court later makes clear in a retroactively applicable decision that the circuit precedent was wrong and they are legally innocent of the crime of conviction. The issue is currently pending before the Supreme Court. *See Jones*, ___ U.S. ___, 142 S.Ct. 2706, 212 L.Ed.2d 777.

> otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decisions to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the Rehaif error, the outcome of the district court proceedings would have been different.

Id. at 2097. The Supreme Court concluded that petitioner failed to carry his burden of showing that the Rehaif error affected his substantial rights because petitioner had been convicted of multiple felonies, he never disputed the fact of his prior convictions, and he admitted that he was a felon when he pled guilty. Id. at 2097-98.

Even though Greer was decided on direct review, to succeed on collateral review, Petitioner must similarly demonstrate that in light of all the evidence there is "a reasonable probability that, but for the Rehaif error, the outcome of the proceedings would have been different." Petitioner, however, cannot satisfy the foregoing standard. Similar to Greer, petitioner had been convicted of multiple felonies, he never disputed the fact of his prior convictions, and he admitted that he was a felon when he pled guilty. The record reveals when Petitioner pled guilty in the Eastern District of Missouri to being a felon in possession of a firearm in violation of Section 922(g), Petitioner admitted during the Plea Hearing that he possessed a firearm after sustaining felony convictions punishable by imprisonment for a term exceeding one year. Suarez, Case No. 4:15-cr-00099, Document No. 93, p. 14. Specifically, Petitioner admitted the following:

> On or about November 17, 2006, Suarez entered into a guilty plea to one count of burglary in the first degree, one count of stealing a motor vehicle, and one count of theft of a credit card in Cause No. 06CR-003322, which is in the 21st Judicial Court for St. Louis County, Missouri. These offenses are felony offenses, each carrying a term of imprisonment exceeding one year.

Id. The foregoing evidence demonstrates that Petitioner could not show a reasonable probability that he would not have pleaded guilty had he known of Rehaif because the record indicates that he

knew he was a convicted felon at the relevant time. See United States v. Welch, 951 F.3d 901, 907 (8th Cir. 2020)(finding that after *Rehaif*, it was not reasonable probable for the defendant to show his substantial rights were affected because he had several felony convictions in which he previously received and served prison sentences longer than one year); United States v. Coleman, 961 F.3d 1024, 1030 (8th Cir. 2020)(finding petitioner did not show a reasonable probability that he would not have pleaded guilty had he known of *Rehaif* because the record indicates that he knew he was a convicted felon at the relevant time); United States v. Caudle, 968 F.3d 916, * 921-22 (8th Cir. 2020)(finding petitioner's *Rehaif* claim that he would not have pleaded guilty had the understood the government's burden of prove the *Rehaif* element would not withstand close scrutiny where petitioner's undisputed presentence report revealed at least to prior felony convictions); United States v. Williams, 946 F.3d 968, 974 (7th Cir. 2020)(The "lack of plausible ignorance defense means that any § 922(g) defendant who served more than a year in prison on a single count conviction will face an uphill battle to show that a *Rehaif* error in a guilty plea affected his substantial rights."); Harbin v. Streeval, 2021 WL 137843, at * 3 (W.D.Va. Jan. 14, 2021)(Petitioner's *Rehaif* claim did not meet the second criteria of *Jones*); Kerr v. Ormond, 2020 WL 7028706, * 3 (E.D. Ky. Nov. 30, 2020)(denying Section 2241 petition based upon *Rehaif* explaining that petitioner's stipulation to or admission of a prior felony permits inference of knowledge of prohibited status and forecloses actual innocence claim); Hoffman v. Breckon, 2020 WL 929589, at * 9 (W.D.Va. Feb. 26, 2020)(collecting district court cases in the Fourth Circuit finding that Section 2241 petitioner could not satisfy the second prong of *Jones* based on *Rehaif*); Swindle v. Hudgins, 2020 WL 469660, * 2 (N.D.W.Va. Jan. 29, 2020)("[T]he crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."). Therefore, Petitioner does not establish any substantive change in settled law occurring

after the filing of his Section 2255 Motion that decriminalized the conduct of his conviction.[7] Based on the foregoing, the undersigned respectfully recommends that the District Court dismiss Petitioner's Section 2241 Petition.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Petition (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the

---

[7] Even assuming Petitioner could meet the *Jones* test, Petitioner waived the right to collaterally attack his conviction and resulting sentence except on grounds of ineffective assistance of counsel or prosecutorial misconduct. *Suarez*, Case No. 4:15-cr-00099, Document No. 93, pp. 21 - 22) *Rehaif* addressed the elements the government had to prove at trial to establish a defendant's guilt under Section 922(g). A review of Petitioner's underlying criminal proceedings reveal that Petitioner pled guilty to one count of Section 922(g), thereby conceding the United States had proved its case. The Eighth Circuit has held "[a] 'favorable change in law after a plea is simply one of the risks that accompanies' plea agreements." *United States v. Cooney*, 875 F.3d 414, 416 (8th Cir. 2017)(*citing United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017)(change in law cannot render a plea agreement unknowing); also see *Slusser v. United States*, 895 F.3d 437, 440 (6th Cir. 2018)("A voluntary plea agreement 'allocates risk,' and '[t]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'")

basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: April 17, 2023.



Omar J. Aboulhosn
United States Magistrate Judge